IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN CLIFFORD, et al,                  :
                                       :
      Plaintiffs,                      :
                                       :
v.                                     :        CIVIL ACTION NO.
                                       :        1:18-CV-01953-AT
RICHARD FEDERMAN, et al,               :
                                       :
                                       :
      Defendants.                      :

## ORDER

This matter is before the Court on the Motion for Judgment on the
Pleadings of Robert Half International, Inc. [Doc. 65], the Motion for Judgment
on the Pleadings of Todd Guthrie and Tech CXO, LLC [Doc. 81], and the
Omnibus Motion to Dismiss for Failure to State a Claim [Doc. 82] and Motion to
Strike Complaint [Doc. 83] of 1094 Digital Distribution LLC, 2251 Lake Park
Investment Group LLC, 2496 Digital Distribution LLC, Katie Ashcraft, Ashcraft
Opperman & Associates, LLC, Business Consulting, LLC, DMM-Expendables 3
LLC, Doc Maandi Movies LLC, Winston Johnson, Kimberlyte Productions
Services, Inc., Maandi Entertainment LLC, Maandi Media Holdings International
LLC, Maandi Media Productions Digital LLC, Maandi Media Productions LLC,
Maandi Park MS LLC, Lori Poole, Winsonic Digital Cable Systems Network, Ltd.,
Winsonic Digital Media Cable Systems Holdings, Inc., and Winsonic Digital
Media Group, Ltd. (collectively as the "Johnson Defendants"), Defendant Richard

Federman's Motion to Join Motion to Strike "Shotgun" Complaint Filed by the Johnson Defendants [153],[1] Federman's Motion to Dismiss [Doc. 154], Federman's Motion for a Stay of All Preliminary Activities and for Adoption of and Amendment to the Court's Order on Defendant's Joint Motion to Stay Discovery and Extend Deadlines Until Rulings on Pending Dispositive Motions [Doc. 155], and Plaintiffs' and Federman's Joint Motion for an Extension of Time to File Response Briefing Concerning Defendant Federman's Motion to Dismiss and Motion to Strike [Doc. 160].[2]

## I.    BACKGROUND

The general facts of this case are set forth in the Order on Defendant Eric Spellman's Motion to Dismiss.  Plaintiffs filed a 195-page Complaint, asserting 50 counts against 42 defendants.  Plaintiffs' Complaint centers on the allegation that Defendants committed fraud when they solicited investments for a "fictitious and non-existent" internet television service trademarked as "VIDGO" and later used those investments to fund personal projects unrelated to the purported business venture.  (Compl.  at 5.)  Plaintiffs' Complaint weaves a complicated web of alleged fraud Plaintiffs describe as diabolical.  As laid out in the Complaint's Preliminary Statement, this fraudulent scheme was primarily orchestrated and perpetrated by four individuals – Richard Federman, Winston Johnson, Mark

---

[1] The Court **GRANTS** Defendant Federman's Motion to Join in the Johnson Defendants' Motion to Strike Plaintiffs' Complaint as a shotgun pleading [Doc. 153].

[2] The Court has separately addressed the Motions to Dismiss of Defendants Eric Spellman [Doc. 52] and Kristy Thurman and KT Communications Consulting, Inc. [Doc. 97], who each moved for dismissal for lack of personal jurisdiction.

Arnold and Robert Kostensky.   According to the Complaint, the alleged fraudulent scheme was part of a larger conspiracy carried out using various levels of participation, assistance, conspiracy and aiding and abetting by specific "silos" of named defendant conspirators who knowingly partnered with the primary defendants to swindle Plaintiffs of their money to fund those defendants' own unrelated business interests, personal hobbies, personal expenses and lifestyles. The following table identifies each of the enumerated counts:

| Count | Claim[s] | Defendant[s] |
|---|---|---|
| 1 | Breach of fiduciary duty of loyalty | Richard Federman ("Federman"); Winston Johnson ("Johnson"); Mark Arnold ("Arnold"); Todd Guthrie, CPA ("Guthrie"); Tech CXO, LLC; Robert Kostensky ("Kostensky");  Justin Su ("Su"); Cascade Northwest, Inc. ("Cascade"); Gotham Media Corporation ("GMC") |
| 2 | Breach of fiduciary duty of care | Federman; Johnson; Arnold; Guthrie; Tech CXO;  Kostensky;  Su; Cascade; GMC |
| 3 | Breach of fiduciary duty of disclosure | Federman; Johnson; Arnold; Guthrie; Tech CXO;  Kostensky;  Su; Cascade; GMC |
| 4 | Conspiracy to commit breach of fiduciary duty of care | Federman; Johnson; Arnold;  Guthrie; Tech CXO;  Kostensky;  Su; Cascade; GMC |
| 5 | Aiding and Abetting breach of fiduciary duty of care | Federman; Johnson; Arnold; Guthrie; Tech CXO; Kostensky;  Su; Cascade; GMC |
| 6 | Conversion & Civil Theft of Plaintiffs' Investment Monies | Federman; Johnson; Arnold; Kostensky; Su; Cascade |
| 7 | Conspiracy to commit conversion & civil theft of plaintiffs' investment monies | Federman; Johnson; Arnold; Kostensky; Su; Cascade |

| Count | Claim[s] | Defendant[s] |
|-------|----------|--------------|
| 8 | Aiding and Abetting conversion & civil theft of plaintiffs' investment monies | Federman; Johnson; Arnold; Kostensky; Su; Cascade |
| 9 | Conversion & Civil Theft of Plaintiffs' Investment Monies | Johnson; Lori Poole ("Poole"); Winsonic Digital Media Cable Systems Holdings, Inc. ("Winsonic Holdings"); Winsonic Digital Media Group, Ltd. ("WDMG"); Winsonic Digital Cable Systems Network Ltd. ("WDCSN"); Su; Cascade; Eric Spellman ("Spellman"); 1094 Digital Distribution LLC; 2496 Digital Distribution LLC; Jan Emmenegger ("Emmenegger"); Katie Ashcraft ("Ashcraft"); Business Consulting, LLC ("BC LLC"); Ashcraft Opperman & Associates, LLC ("AOA LLC") |
| 10 | Conspiracy to commit conversion & civil theft of plaintiffs' investment monies | Johnson; Poole; Winsonic Holdings; WDMG; WDCSN; Su; Cascade; Spellman; 1094 Digital; 2496 Digital; Emmenegger; Ashcraft; BC LLC; AOA LLC |
| 11 | Aiding and Abetting conversion & civil theft of plaintiffs' investment monies | Johnson; Poole; Winsonic Holdings; WDMG; WDCSN; Su; Cascade; Spellman; 1094 Digital; 2496 Digital; Emmenegger; Ashcraft; BC LLC; AOA LLC |
| 12 | Conversion & Civil Theft of Plaintiffs' Investment Monies | Johnson; Poole; Winsonic Holdings; WDMG; WDCSN; Su; Cascade; Spellman; 1094 Digital; 2496 Digital; Emmenegger; Ashcraft; BC LLC;  AOA LLC |

| Count | Claim[s] | Defendant[s] |
|---|---|---|
| 13 | Conspiracy to commit civil conversion/civil theft of plaintiffs' investment monies | Johnson; Wesley Snipes ("Snipes"); 2251 Lake Park Investment Group LLC ("2251 LPI"); Doc Maandi Movies LLC ("Doc Movies"); DMM Ependables 3 LLC ("DMM Expendables"); Maandi Media Productions Digital LLC ("Maandi MPD"); Maandi Entertainment LLC (" Maandi Entertainment"); Maandi Media Productions LLC ("Maandi Media"); Maandi Park MS LLC ("Maandi Park"); Maandi Media Holdings International LLC ("Maandi International"); Kimberlyte Productions Services, Inc. ("Kimberlyte"); 2496 Digital Distribution LLC ("2496 Digital"); 1094 Digital Distribution LLC ("1094 Digital"); SST Swiss Sterling, Inc. ("SST Swiss") as to Poole; Emmenegger; Ashcraft;  BC LLC; AOA LLC; Robert Half International, Inc. ("RHI"); Tamela Walker ("Walker"); George Hairston ("Hairston"); Heather Clippard ("Clippard") |
| 14 | Aiding & Abetting Conversion/Civil Theft of Plaintiffs' Investment Monies | Johnson; Snipes; 2251 LIP; Doc Movies; DMM Expendables; Maandi MPD; Maandi Entertainment; Maandi Media; Maandi Park; Maandi International; Kimberlyte; 2496 Digital; 1094 Digital; SST Swiss as to Poole; Emmenegger, Ashcraft; BC LLC; AOA LLC; RHI; Walker; Hairston; Clippard |
| 15 | Conversion & Civil Theft of Plaintiffs' Investment Monies | RHI; Walker; Hairston; Clippard |
| 16 | Conversion & Civil Theft of Plaintiffs' Investment Monies | Federman; Shaw; Rickshaw |
| 17 | Conspiracy to commit conversion/civil theft of plaintiffs' investment monies | Federman; Shaw; Rickshaw |

| Count | Claim[s] | Defendant[s] |
|---|---|---|
| 18 | Aiding & Abetting Conversion/Civil Theft of Plaintiffs' Investment Monies | Federman; Shaw; Rickshaw |
| 19 | Conversion & Civil Theft of Plaintiffs' Investment Monies | Federman; Arthur; Megatone Music, LLC ("Megatone") |
| 20 | Conspiracy to commit conversion/civil theft of plaintiffs' investment monies | Federman; Arthur; Megatone |
| 21 | Aiding & Abetting Conversion/Civil Theft of Plaintiffs' Investment Monies | Federman; Arthur; Megatone |
| 22 | Breach of common stock purchase agreements | GMC; Federman |
| 23 | Breach of Gotham Media Corporation Subscription Agreements for Convertible Notes | GMC; Federman |
| 24 | Violation of 1934 Securities Exchange Act § 10(b) and SEC Rule 10b-5 | Federman; Arnold; Kostensky; Johnson; GMC; Winsonic Holdings; WDMG; WDCSN; Ashcraft; BC LLC; AOA LLC; Emmenegger |
| 25 | Unjust enrichment | All Defendants |
| 26 | Negligent Hiring, supervision & retention of employees | RHI |
| 27 | Respondeat superior/vicarious for employees Walker; Hairston; Clippard | RHI |
| 28 | Legal fraud, fraud in the inducement & alter-ego liability | Federman; Johnson; Arnold; Su; Cascade; Kostensky; GMC; Gotham Media Services, Inc. ("GMS"); Winsonic Holdings; WDMG; WDCSN; Spellman; 2496 Digital; 1094 Digital; Emmeneger; Ashcraft; BC LLC; AOA LLC; KT Communications Consulting, Inc. ("KTC"); Kristy Thurman ("Thurman") |

| Count | Claim[s] | Defendant[s] |
|-------|----------|--------------|
| 29 | Conspiracy to commit legal fraud, fraud in the inducement and alter-ego liability | Federman; Johnson; Arnold; Su; Cascade; Kostensky; GMC; GMS; Winsonic Holdings; WDMG; WDCSN; Spellman; 2496 Digital; 1094 Digital; Emmeneger; shcraft; BC LLC; AOA LLC; KTC; Thurman |
| 30 | Aiding and abetting legal fraud, fraud in the inducement, and alter-ego liability | Federman; Johnson; Arnold; Su; Cascade; Kostensky; GMC; GMS; Winsonic Holdings; WDMG; WDCSN; Spellman; 2496 Digital; 1094 Digital; Emmeneger; Ashcraft; BC LLC; AOA LLC"; KTC; Thurman |
| 31 | Legal fraud, fraud in the inducement & alter-ego liability | Johnson; Su; Poole; GMC; GMS; Winsonic Holdings; WDMG; WDCSN; 2251 LPI; Doc Movies; DMM Expendables; Maandi MPD; Maandi Entertainment; Maandi Media; Maandi Park; Maandi International; Kimberlyte; SST Swiss; Emmeneger; Ashcraft; BC LLC; AOA LLC; KTC; Thurman |
| 32 | Conspiracy to commit legal fraud, fraud in the inducement and alter-ego liability | Johnson; Su; Poole; GMC; GMS; Winsonic Holdings; WDMG; WDCSN; 2251 LPI; Doc Movies; DMM Expendables; Maandi MPD; Maandi Entertainment; Maandi Media; Maandi Park; Maandi International; Kimberlyte; SST Swiss SST Swiss; Emmeneger; Ashcraft; BC LLC; AOA LLC; KTC; Thurman |
| 33 | Aiding and abetting legal fraud, fraud in the inducement, and alter-ego liability | Johnson; Su; Poole; GMC; GMS; Winsonic Holdings; WDMG; WDCSN; 2251 LPI; Doc Movies; DMM Expendables; Maandi MPD; Maandi Entertainment; Maandi Media; Maandi Park; Maandi International; Kimberlyte; SST Swiss; Emmeneger; Ashcraft; BC LLC; AOA LLC; KTC; Thurman |

| Count | Claim[s] | Defendant[s] |
|-------|----------|--------------|
| 34 | Legal fraud, fraud in the inducement & alter-ego liability | Johnson; RHI; Walker; Hairston; Clippard; 2251 LPI; Doc Movies; DMM Expendables; Maandi MPD; Maandi Entertainment; Maandi Media; Maandi Park; Maandi International; Kimberlyte; SST Swiss |
| 35 | Conspiracy to commit legal fraud, fraud in the inducement and alter-ego liability | Johnson; RHI; Walker; Hairston; Clippard; 2251 LPI; Doc Movies; DMM Expendables; Maandi MPD; Maandi Entertainment; Maandi Media; Maandi Park; Maandi International; Kimberlyte; SST Swiss |
| 36 | Aiding and abetting legal fraud, fraud in the inducement, and alter-ego liability | Johnson; RHI; Walker; Hairston; Clippard; 2251 LPI; Doc Movies; DMM Expendables; Maandi MPD; Maandi Entertainment; Maandi Media; Maandi Park; Maandi International; Kimberlyte; SST Swiss |
| 37 | Violation of Georgia State Racketeer Influenced & Corrupt Organizations Act ("RICO"), O.G.C.A. § 16-14-1 et. seq. | Federman; Johnson; Arnold; Su; Cascade; Kostensky; GMC; GMS; Winsonic Holdings; WDMG; WDCSN; Spellman; Poole; 2496 Digital; 1094 Digital; Emmeneger; Ashcraft;  BC LLC; AOA LLC; KTC; Thurman |
| 38 | Conspiracy to violate Georgia State RICO Act, O.G.C.A. 16-14-1 et. seq. | Federman; Johnson; Arnold;  Su; Cascade;  Kostensky; GMC; GMS; Winsonic Holdings; WDMG; WDCSN; Spellman; Poole; 2496 Digital; 1094 Digital; Emmenegger; Ashcraft;  BC LLC; AOA LLC; KTC; Thurman |
| 39 | Violation of Georgia RICO Act; O.C.G.A. § 16-4-1 et. seq. | Johnson; Poole; Winsonic Holdings; WDMG; WDCSN; Su; Cascade; Poole; Spellman; Emmeneger; Ashcraft;  BC LLC;  AOA LLC |
| 40 | Conspiracy to violate Georgia RICO Act, O.G.C.A. 16-14-1 et. seq. | Johnson; Poole; Winsonic Holdings; WDMG; WDCSN; Su; Cascade; Poole; Spellman;  Emmenegger;  Ashcraft;  BC LLC;  AOA LLC |

| Count | Claim[s] | Defendant[s] |
|---|---|---|
| 41 | Violation of Georgia RICO Act; O.C.G.A. § 16-4-1 et. seq. | Johnson; Snipes; Ashcraft;  BC LLC;  AOA LLC; Emmenegger; 2251 LPI;  Doc Movies; DMM Expendables; Maandi MPD; Maandi Entertainment; Maandi Media; Maandi Park; Maandi International; Kimberlyte; 2496 Digital; 1094 Digital; SST Swiss |
| 42 | Conspiracy to violate Georgia State Racketeer Influenced & Corrupt Organizations Act O.C.G.A. § 16-4-1 et. seq. | Johnson; Snipes; Ashcraft; BC LLC;  AOA LLC; Emmenegger; 2251 LPI; Doc Movies; DMM Expendables; Maandi MPD; Maandi Entertainment; Maandi Media; Maandi Park; Maandi International; Kimberlyte; 2496 Digital; 1094 Digital;  ST Swiss |
| 43 | Violation of Federal Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. § 1961 et. seq. | Federman; Johnson; Arnold; Su; Cascade; Kostensky; GMC; GMS;  Winsonic Holdings; WDMG; WDCSN;  Spellman; Poole; 2496 Digital; 1094 Digital; Emmeneger; Ashcraft; BC LLC;  AOA LLC;  KTC;  Thurman |
| 44 | Conspiracy to violate Federal Racketeer Influenced & Corrupt Organizations Act 18 U.S.C. § 1961 et. seq. | Federman; Johnson; Arnold; Su; Cascade; Kostensky; GMC; GMS;  Winsonic Holdings; WDMG; WDCSN;  Spellman; Poole;2496 Digital; 1094 Digital; Emmeneger; Ashcraft;  BC LLC;  AOA LLC; KTC; Thurman |
| 45 | **No count 45** | |
| 46 | Violation of Federal Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. § 1961 et. seq. | Johnson; Poole; Winsonic Holdings; WDMG; WDCSN; Su; Cascade; Poole; Spellman; Emmenegger; Ashcraft;  BC LLC; AOA LLC |
| 47 | Conspiracy to violate Federal Racketeer Influenced & Corrupt Organizations Act 18 U.S.C. § 1961 et. seq. | Johnson; Poole; Winsonic Holdings; WDMG; WDCSN; Su; Cascade; Poole; Spellman; Emmenegger; Ashcraft;  BC LLC; AOA LLC |

| Count | Claim[s] | Defendant[s] |
|-------|----------|--------------|
| 48 | Violation of Federal Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. § 1961 et. seq. | Johnson; Snipes; Ashcraft; BC LLC; AOA LLC; Emmenegger; 2251 LPI; Doc Movies; DMM Expendables; Maandi MPD; Maandi Entertainment; Maandi Media; Maandi Park; Maandi International; Kimberlyte; 2496 Digital; 1094 Digital; SST Swiss |
| 49 | Conspiracy to violate Federal Racketeer Influenced & Corrupt Organizations Act 18 U.S.C. § 1961 et. seq. | Johnson; Snipes; Ashcraft; BC LLC;  AOA LLC; Emmenegger; 2251 LPI; Doc Movies; DMM Expendables; Maandi MPD; Maandi Entertainment; Maandi Media; Maandi Park; Maandi International; Kimberlyte; 2496 Digital; 1094 Digital; SST Swiss |
| 50 | Negligence | Ashcraft; AOA LLC; BC LLC; Emmenegger |
| 51 | Intentional Misrepresentation | Ashcraft; AOA LLC; BC LLC; Emmenegger |

Each of the current moving Defendants seeks dismissal of Plaintiffs' Complaint as a shotgun pleading.  Alternatively, these Defendants seek either judgment on the pleadings or dismissal for failure to state a claim as to each of the individual counts asserted against them.

## II.   DISCUSSION

In *Weiland v. Palm Beach County Sheriff's Office*, the Eleventh Circuit described four categories of shotgun pleadings: (1) the most common type is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint; (2) the next most common type is a complaint that is replete with conclusory, vague, and

immaterial facts not obviously connected to any particular cause of action; (3) the third type is one that commits the sin of not separating into a different count each cause of action or claim for relief; and (4) the fourth type asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.  792 F.3d 1313, 1321-23 (11th Cir. 2015) (citing cases).

The Eleventh Circuit has repeatedly condemned the incorporation of preceding paragraphs where a complaint "contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor counts], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (identifying a complaint as a shotgun pleading where "[e]ach count incorporates by reference the allegations made in a section entitled 'General Factual Allegations' — which comprise[d] 146 numbered paragraphs — *while also incorporating the allegations of any count or counts that precede[d] it*.") (emphasis added).  The Eleventh Court has criticized as equally problematic complaints framed in complete disregard of the rules requiring that separate, discrete causes of action should be plead in separate counts and those that fail to distinguish conduct attributable to multiple defendants.  *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *Magluta*, 256 F.3d at 1284

("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").

Pleading in this manner results in a situation where "a reader of the complaint must speculate as to which factual allegations pertain to which count" and which defendant. *See, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n. 9 (11th Cir. 1997); *Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997) (describing the complaint as "a rambling 'shotgun' pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these [plaintiffs] are claiming"); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) (noting that "Zweifel and the district court had to sift through the facts presented and decide for themselves which were material to the particular cause of action asserted, a difficult and laborious task indeed"). As a result, the Eleventh Circuit mandates that district courts should enter an order striking a shotgun complaint and require a repleading of all claims that satisfies the requirements of Rule 8 and Rule 10(b) and any heightened pleading requirement applicable to the specific claims. *Magluta*, 256 F.3d at 1284-85; *Cesnik*, 88 F.3d at 910.

The Court has engaged in the painstaking task of wading through and deciphering Plaintiffs' tangled mass of allegations to determine the merits of the Defendants' pending motions. As the Johnson Defendants aptly explain in their

motion, the difficulty of this Augean task is exponentially compounded because: (a) the Complaint incorporates by reference 312 paragraphs of factual allegations into each of its 50 enumerated causes of action; (b) each cause of action incorporates by reference each and every prior cause of action; (c) many of its enumerated causes of actions are actually comprised of multiple sub-causes of action; (d) each enumerated cause of action is asserted against multiple defendants; and (e) Plaintiffs essentially accuse all defendants of being responsible for all alleged acts and omissions, such that no one defendant can identify what exactly he or she did wrong.  As a result, the Complaint as currently written makes it "nearly impossible [for] the Court to determine with any certainty which factual allegations give rise to which claims for relief against which defendants."  *Jackson v. Bank of America*, 898 F.3d 1348 (11th Cir. 2018); *Anderson v. District Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *U.S. ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 972 F. Supp. 2d 1317, 1336–37 (N.D. Ga. 2013).[3]

Moreover, Plaintiffs' Complaint as currently drafted fails to plead the allegations of fraud with the requisite particularity. To satisfy Rule 9(b) a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in

---

[3] The Court recognizes that some complaints might be characterized as using shotgun pleading features but in fact, be clear as to the basis of each parties' claims and thus not require re-pleading.  Plaintiffs' massive Complaint here certainly does not fall in this category.

the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *E.g., United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) In addition, in a fraud-based claim involving multiple defendants, the complaint may not lump together all of the defendants, as "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) ("The plaintiff must allege facts with respect to each defendant's participation in the fraud."). Additionally, under the Private Securities Litigation Reform Act ("PSLRA"), a securities fraud class action complaint must:

    (1)    specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed, and

    (2)    with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

15 U.S.C. § 78u–4(b)(1)(B); 15 U.S.C. § 78u–4(b)(2); *see also Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008); *Phillips v. Scientific–Atlanta,*

*Inc.*, 374 F.3d 1015, 1016 (11th Cir. 2004) (holding that the in a securities fraud action, the complaint must allege facts supporting a strong inference of scienter "for each defendant with respect to each violation").

Accordingly, the Court **GRANTS** the Johnson Defendants' Motion to Strike Plaintiffs' Complaint [Doc. 83][4] and **DIRECTS** Plaintiffs to replead their Complaint according to the directives set forth below.

(1) Plaintiffs may not incorporate all 312 factual paragraphs into each count. Plaintiffs instead must indicate which of the factual paragraphs are alleged to support each individual count alleged.

(2) Each individual count may only be based on a single legal claim or legal basis for recovery (i.e. Plaintiffs may not assert "Legal Fraud, Fraud in the Inducement, and Alter-Ego Liability" together in the same count).

(3) Plaintiffs are permitted to assert a single count against multiple defendants; however, Plaintiffs must identify what precise conduct is attributable to each individual defendant separately in each count.

(4) As to Count 24 (Securities Fraud): Plaintiffs must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 (PSLRA).

---

[4] As the Court has chosen the proper course of action under applicable Eleventh Circuit authority in striking Plaintiffs' Complaint and requiring Plaintiffs to replead their Complaint, the Court **DENIES IN PART** the Motion for Judgment on the Pleadings of Robert Half International, Inc. [Doc. 65], the Motion for Judgment on the Pleadings of Todd Guthrie and Tech CXO, LLC [Doc. 81] and the Johnson Defendants' Omnibus Motion to Dismiss for Failure to State a Claim [Doc. 82] in so far as they seek the dismissal of this action based on Plaintiffs' having filed a shotgun Complaint.

(5)     As to Counts 28 through 46 (Fraud) and Count 51 (Intentional
        Misrepresentation): Plaintiffs must satisfy the heightened pleading
        requirements of Federal Rule of Civil Procedure 9(b).

While the Court will allow Plaintiffs to replead their Complaint, the Court also finds that Plaintiffs' claims for violations of the civil provisions of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, against Defendants Federman, Johnson, Arnold, Su, Cascade, Kostensky, GMC, GMS, Winsonic Holdings, WDMG, WDCSN, Poole, 2496 Digital, 1094 Digital, Emmeneger, Ashcraft, Business Consulting, LLC, Ashcraft Opperman & Associates, LLC, Snipes, 2251 LPI, Doc Movies, DMM Expendables, Maandi MPD, Maandi Entertainment, Maandi Media, Maandi Park, Maandi International, Kimberlyte, and SST Swiss are barred. Thus, any amendment of those claims would be futile. As discussed in the Court's prior Orders on the Motions to Dismiss of Defendants Eric Spellman, Kristy Thurman, and KT Communications Consulting Inc., because Plaintiffs' RICO claims expressly assert securities fraud as a predicate act, their RICO claims are barred by the PSLRA. *See* 18 U.S.C. § 1964(c) (providing that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962" of the federal RICO Act); *see also Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1249 (11th Cir. 2016) (holding that a "plaintiff may not dodge [the PSLRA] bar by pleading other offenses as predicate acts in a civil RICO action" when the claim is based on

alleged acts of securities fraud barred by the PSLRA); *Licht v. Watson*, 567 F. App'x 689, 693 (11th Cir. 2014) (upholding the district court's dismissal of the plaintiff's RICO claims because the claims were based on the plaintiff's allegations that the defendants "engaged in 'racketeering activity' by actively participating, among others, in the activity of 'fraud in the sale of securities'"). Accordingly, the Court **GRANTS IN PART** the Johnson Defendants' Omnibus Motion to Dismiss [Doc. 82] and Federman's Motion to Dismiss [Doc. 154] only as to Plaintiffs' federal RICO claims asserted in Counts 43 through 49.[5]  Plaintiffs may not renew their RICO claims in the refiled complaint.

Finally, a review of the docket indicates that the following named Defendants have not been served: Gotham Media Corporation, Gotham Media Services, Patrick Shaw, Rickshaw Productions, LLC, Daryl Arthur, Megatone Music, LLC, Wesley Snipes, Jan Emmeneger, Georgia Hairston, and Tamela Walker. Thus, Plaintiffs' claims against these Defendants are subject to dismissal under Federal Rule of Civil Procedure 4(m).  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

---

[5] The Court previously dismissed the federal RICO claims asserted against Defendants Eric Spellman, Kristy Thurman, and KT Communications Consulting Inc.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Johnson Defendants' Motion to Strike Plaintiffs' Complaint [Doc. 83][6] and **DIRECTS** Plaintiffs to **REPLEAD** their Complaint **NO LATER THAN APRIL 22, 2019**, as follows:

(1)     Plaintiffs may not incorporate all 312 factual paragraphs into each count. Plaintiffs instead must indicate which of the factual paragraphs are alleged to support each individual count alleged.

(2)     Each individual count may only be based on a single legal claim or legal basis for recovery (i.e. Plaintiffs may not assert "Legal Fraud, Fraud in the Inducement, and Alter-Ego Liability" together in the same count).

(3)     Plaintiffs are permitted to assert a single count against multiple defendants; however, Plaintiffs must identify what precise conduct is attributable to each individual defendant separately in each count.

(4)     As to Count 24 (Securities Fraud): Plaintiffs must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 (PSLRA).

---

[6] As the Court has chosen the proper course of action under applicable Eleventh Circuit authority in striking Plaintiffs' Complaint and requiring Plaintiffs to replead their Complaint, the Court **DENIES IN PART** the Motion for Judgment on the Pleadings of Robert Half International, Inc. [Doc. 65], the Motion for Judgment on the Pleadings of Todd Guthrie and Tech CXO, LLC [Doc. 81], the Johnson Defendants' Omnibus Motion to Dismiss for Failure to State a Claim [Doc. 82], and Federman's Motion to Dismiss [Doc. 154] in so far as they seek the dismissal of this action based on Plaintiffs' having filed a shotgun Complaint.  The Court **DENIES AS MOOT** the remainder of Defendants' motions.  Accordingly, the Court also **DENIES AS MOOT** Federman's Motion for a Stay of All Preliminary Activities and Discovery pending ruling on his dispositive motions [Doc. 155], and **DENIES AS MOOT** Plaintiffs' and Federman's Joint Motion for an Extension of Time to File Response Briefing Concerning Defendant Federman's Motion to Dismiss and Motion to Strike [Doc. 160].

(5)     As to Counts 28 through 46 (Fraud) and Count 51 (Intentional Misrepresentation): Plaintiffs must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

The Court **GRANTS IN PART** the Johnson Defendants' Omnibus Motion to Dismiss [Doc. 82] and Federman's Motion to Dismiss [Doc. 154] only as to Plaintiffs' federal RICO claims asserted in Counts 43 through 49 as barred by the Private Securities Litigation Reform Act ("PSLRA"), 18 U.S.C. § 1964(c). Plaintiffs may not renew their RICO claims in the refiled complaint.

Finally, the Court **ORDERS** Plaintiffs to **SHOW CAUSE** in writing **NO LATER THAN APRIL 12, 2019** why the claims against Defendants Gotham Media Corporation, Gotham Media Services, Patrick Shaw, Rickshaw Productions, LLC, Daryl Arthur, Megatone Music, LLC, Wesley Snipes, Jan Emmeneger, Georgia Hairston, and Tamela Walker should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

**IT IS SO ORDERED** this 22nd day of March, 2019.

_____

**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**