UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN CLIFFORD et al., | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:18-CV-01953-JPB |
| RICHARD FEDERMAN et al., | |
| Defendants. | |

## ORDER

This matter comes before the Court on Defendants Todd Guthrie and Techcxo, LLC's Motion to Dismiss [Doc. 188], Defendant Richard Federman's Motion to Strike "Shotgun" First Amended Complaint [Doc. 196], Defendants Justin Su and Cascade Northwest, Inc.'s Motion to Dismiss [Doc. 217], Defendants Kristy Thurman and KT Communications Consulting, Inc.'s Joint Motion to Strike Plaintiffs' Amended Complaint [Doc. 226] and the Johnson Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 230] (collectively, "the Motions"). The Motions seek dismissal of Plaintiffs' First Amended Complaint on shotgun pleading grounds.[1]  This Court finds as follows:

---

[1] Some of the motions raise other grounds for dismissal in addition to shotgun pleading grounds.

## BACKGROUND

Claiming that they were the victims of a "diabolical" fraud, Plaintiffs, who are represented by counsel, sued numerous defendants on May 3, 2018. [Doc. 1]. Plaintiffs' Complaint ("Original Complaint") was 195 pages long and asserted fifty counts against forty-two different defendants. Id.

Early in the litigation, many of the defendants moved to dismiss the Original Complaint on shotgun pleading grounds. After engaging "in the painstaking task of wading through and deciphering Plaintiffs' tangled mass of allegations," the Court determined that Plaintiffs' Original Complaint was an improper shotgun pleading and ordered Plaintiffs to replead no later than April 22, 2019. [Doc. 162, pp. 12, 18]. Importantly, the Court thoroughly explained the various pleading deficiencies and gave Plaintiffs specific directives they must follow in filing their amended complaint. Id. at 15-16. The Court's instructions included, but were not limited to, the following: (1) Plaintiffs may not incorporate all 312 factual paragraphs into each count and Plaintiffs must indicate which of the factual paragraphs support each individual count alleged; and (2) Plaintiffs must identify what precise conduct is attributable to each individual defendant separately in each count when asserting a single count against multiple defendants. Id.

On April 23, 2019, Plaintiffs filed their First Amended Complaint. [Doc. 173]. The First Amended Complaint ballooned to 258 pages (sixty-three more pages than the Original Complaint) and asserted fifty-two counts against thirty-six defendants. Id. As with the Original Complaint, many of the defendants moved to dismiss Plaintiffs' First Amended Complaint on shotgun pleading grounds.

ANALYSIS

As already explained at length in this Court's March 22, 2019 Order, "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). Typically, shotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of the preceding counts; (2) conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act." McDonough v. City of Homestead, 771 Fed. App'x 952, 955 (11th Cir. 2019).

Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the

public's respect for the courts." <u>Arrington v. Green</u>, 757 Fed. App'x 796, 797 (11th Cir. 2018).

> Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well.

<u>Jackson v. Bank of Am., N.A.</u>, 898 F.3d 1348, 1356–57 (11th Cir. 2018). The Eleventh Circuit has even stated that tolerating shotgun pleadings "constitutes toleration of obstruction of justice." <u>Id.</u> at 1357.

This Court finds that the First Amended Complaint is a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit has] condemned repeatedly." <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001). At 258 pages, it is in no sense a "short and plain statement of the claim" required by the Federal Rules of Civil Procedure. Here, it is virtually impossible to know which allegations of fact are intended to support which claims of relief since each cause of action incorporates more than 200 paragraphs. Unfortunately, the First Amended Complaint may be even more confusing and cumbersome than the Original Complaint and suffers from many of the same deficiencies as the first. For the reasons explained below, Plaintiffs failed to correct the pleading deficiencies

identified in the March 22, 2019 Order, and thus Plaintiffs' First Amended Complaint is an impermissible shotgun pleading.

>   A. <u>Plaintiffs' First Amended Complaint fails to identify which facts support each individual count alleged.</u>

Plaintiffs were specifically instructed that they were not to incorporate all 312 factual paragraphs into each count and instead must indicate which of the factual paragraphs support each individual count alleged. In Plaintiffs' Original Complaint, the 312 paragraphs that this Court was referring to were the paragraphs supporting jurisdiction and venue, the paragraphs identifying the parties and almost 250 paragraphs of facts. Plaintiffs argue that because they now specifically identify which paragraphs are incorporated into each count (instead of all 312) and deleted the incorporation of the each and every paragraph language that preceded each count, they are in full compliance with this Court's directive.

While Plaintiffs did not technically incorporate all 312 factual paragraphs into each count, the vast majority of the fifty-two counts contained within the First Amended Complaint incorporate the entirety of the section entitled "The Facts," which consists of almost 250 paragraphs and spans 104 pages. Plaintiffs only omitted the introductory facts relating to the identification of the parties and the paragraphs relating to jurisdiction and venue. For instance, of the 296 paragraphs preceding Count One (previously 312), Plaintiffs incorporated all but thirty

paragraphs. Of those thirty paragraphs, three related to jurisdiction and venue and the remaining twenty-seven simply identified the residences of various defendants. What Plaintiffs have done here is equally as cumbersome as simply incorporating every prior allegation into each successive count, if not more so. Instead of looking back at the First Amended Complaint as a whole, each count of the First Amended Complaint requires the reader to identify and sift through hundreds of individual paragraphs that are incorporated into each count and then parse through numerous allegations to identify those that have some relevance to a particular defendant or cause of action.

Notably, some counts even contain more allegations than the Original Complaint. For instance, Count 26 incorporates 358 prior paragraphs and Count 42 incorporates 345 paragraphs. Because Plaintiffs again chose to plead in this fashion, "each count is replete with factual allegations that could not possibly be material to that specific count" and any allegations "that are material are buried beneath innumerable pages of rambling irrelevancies." See id. Thus, this Court finds that Plaintiffs failed to follow this Court's March 22, 2019 Order.

B. <u>Plaintiffs failed to adequately identify the precise conduct that is attributable to each defendant.</u>

Plaintiffs were also specifically instructed by this Court that when a single count is brought against multiple defendants, Plaintiffs must identify what precise

conduct is attributable to each individual defendant. [Doc. 162, p. 18]. In Plaintiffs' Original Complaint, many of the counts were brought against a group of defendants. [Doc. 1]. For example, Count 1 was brought against Defendants Federman, Johnson, Arnold, Guthrie, Tech CXO, Kostensky, Su, Cascade and GMC. Id. at 132. Plaintiffs began Count 1 by realleging each and every paragraph above and then stating, in a conclusory fashion, that the defendants' "actions, conduct, inactions and omissions set forth above constitute breach of their fiduciary duties of loyalty to plaintiffs as GMC shareholders, convertible note holders and investors." Id. In other words, Plaintiffs asserted all 312 factual allegations in the same manner against the named defendants.

Plaintiffs argue that their First Amended Complaint complies with this Court's instructions. Plaintiffs further argue that because some of the defendants were able to form a response to the First Amended Complaint in the form of a motion to dismiss on the merits, the defendants obviously understood with clarity the nature of the First Amended Complaint, and thus the First Amended Complaint could not be a shotgun pleading. The Court disagrees.

Despite this Court's direction to identify the precise conduct attributable to each individual defendant, Plaintiffs changed the Original Complaint only in minor ways. For example, in Count 1, instead of realleging each and every paragraph

Case 1:18-cv-01953-JPB   Document 281   Filed 01/07/20   Page 8 of 11

(the 312 previously explained), Plaintiffs simply identify the factual paragraphs that state the particular defendant's residence and then incorporate every single paragraph from the factual section, which spans more than 100 pages. Plaintiffs never attempt to segregate the alleged wrongdoing of the defendants, and many of the paragraphs refer to all defendants or a grouping of defendants. This method of pleading is in no manner any clearer than it was in the Original Complaint nor does it specifically identify the precise conduct attributable to each individual defendant. Ultimately, Plaintiffs' First Amended Complaint remains an impermissible shotgun pleading.

## LEAVE TO AMEND

In this case, Plaintiffs argue that they should be granted another opportunity to amend their claims.[2] As a general rule, before dismissing a complaint with prejudice on shotgun pleading grounds, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." <u>Arrington</u>, 757 Fed. App'x at 797. Implicit in any repleading order is the "notion that if the plaintiff fails to comply

---

[2] Although Plaintiffs argue that they should be given a second chance to amend in the event the First Amended Complaint is a shotgun pleading, Plaintiffs have not formally moved for leave to amend under Federal Rule of Civil Procedure Rule 15 through the filing of a separate motion. Even if a formal motion were made, it would not be granted.

8

with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading, or depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." Jackson, 898 F.3d at 1358. Importantly, the Eleventh Circuit has never adopted "a rule requiring district courts to endure endless shotgun pleadings." Vibe Micro, 878 F.3d at 1297.

In this case, the Court thoroughly explained to Plaintiffs why the Original Complaint violated the shotgun pleading rule. Furthermore, the various motions to dismiss on shotgun pleading grounds also provided Plaintiffs with notice of the defects. Significantly, this Court gave Plaintiffs an opportunity to amend their Original Complaint. Because Plaintiffs did not meaningfully amend their Original Complaint, this Court finds that Plaintiffs should not be afforded another opportunity to amend. Plaintiffs had their chance. See Jackson, 898 F.3d at 1358 (holding that the district court should have dismissed the amended complaint with prejudice on shotgun pleading grounds because the plaintiffs were put on notice of the specific defects and failed to correct them). Here, after being put on notice of the specific defects in their Original Complaint, Plaintiffs filed their First Amended Complaint afflicted with almost all of the same defects, "attempting halfheartedly

9

to cure only one of the pleading's many ailments by" separating each cause of action into distinct counts.  See id. at 1359; see also McDonough, 771 Fed. App'x at 956 (affirming decision of district court to dismiss with prejudice the plaintiff's shotgun pleading with prejudice when the plaintiff was given one opportunity to replead).  Given the "aggregate negative effects of shotgun pleadings on trial courts" and the resulting harm to the administration of justice, this Court denies Plaintiffs' request for a second chance to amend their pleadings.  See Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001).  "There is simply a point in litigation when a defendant is entitled to be relieved from the time, energy, and expense of defending itself against seemingly vexatious claims, and the district court relieved of the unnecessary burden of combing through them." Jackson, 898 F.3d at 1360 (Bloom, J., specially concurring).

## CONCLUSION

For the reasons stated above, to the extent the Motions seek dismissal on shotgun pleading grounds, the motions are GRANTED and Plaintiffs' First Amended Complaint is DISMISSED with prejudice.  To the extent the motions

address the merits, the motions are DENIED AS MOOT.³  The Clerk is DIRECTED to CLOSE this case.

**SO ORDERED** this 7th day of January, 2020.

J. P. BOULEE
United States District Judge

---

³ Also DENIED AS MOOT are Defendant Robert Half International Inc.'s Motion for Judgment on the Pleadings as to Plaintiffs' First Amended Complaint [Doc. 195], Defendant Richard Federman's Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 198], Defendant Richard Federman's Motion to Strike John Clifford's Filing Entitled First Amended Complaint [Doc. 197], Defendants Kristy Thurman and KT Communications Joint Motion to Dismiss First Amended Complaint [Doc. 225], Defendant Patrick Shaw's Motion to Dismiss First Amended Complaint [Doc. 209], Defendant Rickshaw Production, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 210] and Ashcraft Defendants' Motion to Dismiss [Doc. 211].